**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler Jacobson, et al., | No. CV-17-04373-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| American Family Insurance Company, et al., | |
| Defendants. | |

Two Motions are currently pending before the Court: Defendant American Family Insurance Company's Motion for Summary Judgment (Doc. 48) and Plaintiffs Cathy, William and Tyler Jacobson's Cross-Motion for Summary Judgment (Doc. 50). The Motions are fully briefed. For the reasons explained below, Plaintiffs' Motion is granted with respect to the claim for breach of contract, as to Ms. Jacobson, only. Defendant's Motion is denied with respect to the breach of contract and bad faith claims. The Court reserves summary judgment on the negligence cause of action until after oral argument.[1]

**I. FACTUAL BACKGROUND**

Plaintiffs are Cathy, William and Tyler Jacobson. Cathy and William Jacobson are Tyler Jacobson's parents. The parents are, and at all relevant times were, named insureds

---

[1] The Court will hold oral argument on the issues not decided in this Order on February 6, 2020. Oral argument is not necessary for the issues decided in this Order because it would not assist the Court. Additionally, the parties have had an opportunity to submit their arguments to the Court in their motions and "any error can be rectified by an appeal of the summary judgment." *Lake at Las Vegas Invrs Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *see also Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

on an automobile insurance policy with American Family Insurance Company. (*See* Doc. 49 at 5.) Ms. Jacobson added her minor son, Tyler Jacobson, to the policy shortly after he turned 16. (Doc. 56 at 4.) No one disputes that Tyler Jacobson had coverage as a relative at that time. (*Id.*)

Tyler Jacobson purchased a motorcycle in September 2016, a few months after his 20th birthday. (Doc. 49 at 1; and Doc. 51 at 6 and 8.) Neither Cathy nor William Jacobson were listed on the title of that vehicle. (Doc. 49 at 4; Doc. 51 at 3.) Ms. Jacobson obtained a quote for full coverage on the motorcycle. (Doc. 49 at 6; Doc. 51 at 4.) Tyler Jacobson opted for a policy with a different insurance company, Progressive Insurance. (Doc. 49 at 2; Doc. 51 at 2.) The Progressive policy did not include underinsured motorist insurance. (Doc. 49 at 2; Doc. 51 at 2.) The parents' insurance policy provided underinsured motorist coverage for relatives. (Doc. 49 at 4.)

Another vehicle collided with 20-year-old Tyler Jacobson while he was riding his motorcycle, causing him injuries. (Doc. 49 at 2; Doc. 51 at 2.) The insurance company for the driver involved in the accident had a liability limit of $100,000. (*Id.*) It paid Tyler Jacobson $75,000 for his injuries and paid Cathy and William Jacobson collectively $25,000 for loss of consortium. (*See id.*) Plaintiffs allege that Tyler Jacobson incurred more than $220,000 in medical bills. (Doc. 51 at 5.) This amount is less than what the other driver's insurance company paid. The Jacobsons made a claim under their policy with Defendant. (Doc. 49 at 2; Doc. 51 at 2.)

Prior to the accident that gave rise to the claims at issue in this suit, Ms. Jacobson was the person who handled all of the interactions with the American Family insurance agent. (Doc. 56 at 3.) No one disputes that Ms. Jacobson told the insurance agent that she wanted her son to have coverage. (Doc. 56 at 4.)

Page 25 of the policy at issue says that relatives are given underinsured motorist coverage. (Doc. 56 at 6.) Page 7 of the policy says that people who own their own motor vehicles (other than off-road vehicles) are not relatives for coverage purposes. (Doc. 56 at 7.) The insurance company notes that "relative" is a term of art in the policy, defined in a

separate definitions section. (Doc. 49 at 4; Doc. 51 at 3.) In the coverage section of the policy, the word "relative" appears in bold print. (Doc. 49-6 at 25.)

Ms. Jacobson says that the definition of relative seemed self-evident, not requiring reference to the definitions section. (Doc. 51 at 9.) Additionally, Ms. Jacobson told the insurance agent, Nicole Melody, that she wanted Tyler to have the same coverage as she and William Jacobson. (Doc. 51 at 7; Doc. 56 at 4.) Despite their denying coverage for the claims arising out of Tyler Jacobson's accident, Ms. Jacobson continues to use American Family as her insurance provider. (Doc. 56 at 15.)

## II. PROCEDURAL BACKGROUND

On October 30, 2017, Tyler Jacobson filed a lawsuit against American Family Insurance Company as well as a number of corporations whose names were not then known. (Doc. 1-1.) On November 29, 2017, American Family Insurance Co. removed the case to federal court. (Doc. 1.)

Tyler Jacobson's parents – Cathy and William Jacobson – later added themselves as plaintiffs via an amended complaint. (Doc. 10.) The Plaintiffs added and later dropped the insurance agent and agency from the suit. (*Id.*) When the insurance agency and agents were defendants, this Court lost diversity (and thus remanded the case to state court). (Doc. 21.) When they were dropped from the case, diversity was restored, and the case was removed to federal court again. (Doc. 22.)

On May 17, 2019, American Family filed a Motion for Summary Judgment. (Doc. 48.) On June 17, 2019, the Jacobsons filed a Response as well as a Cross-Motion for Summary Judgment. (Doc. 50.) On July 17, 2019, American Family filed a Reply to the Response and Response to the Jacobsons' Cross-Motion for Summary Judgment. (Doc. 55.) On August 1, 2019, the Jacobsons filed a Reply to the Response to the Cross-Motion for Summary Judgment. (Doc. 57.) Thus, the Cross-Motions for Summary Judgment are fully briefed.

/ / /

/ / /

## III. LEGAL ANALYSIS

### A. Legal Standard on a Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. The Court may grant summary judgment when the movant shows that (1) there are no genuine issues of material fact; and (2) when the evidence is viewed in the light most favorable to the non-moving party, the movant is entitled to a favorable judgment as a matter of law. Fed.R.Civ.P. 56(a); *see also Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). Material facts are those which might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact does not arise solely from allegations in pleadings; the non-moving party also has to produce affirmative evidence to rebut the moving party's motion. *Id.* at 257. When deciding a defendant's motion for summary judgment, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff" in order to deny a defendant's motion. *Id.* at 252.

### B. Cross-Motions for Summary Judgment on Breach of Contract

A breach of contract claim requires (1) the existence of a contract; (2) breach of that contract; and (3) damages. *Thomas v. Montelucia Villas, LLC*, 302 P.3d 617, 621 (Ariz. 2013). "An insurance policy is a contract." *Tolifson v. Globe American Cas. Co.*, 672 P.2d 983, 984 (Ariz. Ct. App. 1983); *see also Moore v. Smotkin*, 283 P.2d 1029, 1031 (Ariz. 1955) (defining a contract as "the expression by two or more persons of the common intention to effect their legal relations."). If Defendant breached the contract, Plaintiffs suffered damages because of Defendant's failure to pay the money to which Plaintiffs were entitled. Whether the Court will grant summary judgment on this claim thus depends on whether there is a genuine issue of material fact as to whether American Family breached its contract with the Jacobsons.

Arizona's reasonable expectations doctrine sets forth the circumstances that allow "[c]ourts [to] construe the written terms of insurance contracts to effectuate the parties' intent." *Liberty Ins. Underwriters, Inc. v. Weitz Co., LLC*, 158 P.3d 209, 212 (Ariz. Ct.

App. 2007). Only a party to a contract can invoke the reasonable expectations doctrine. *Cullen v. Koty-Leavitt Ins. Agency, Inc*, 168 P.3d 917, 925 (Ariz. Ct. App. 2007) (*vacated in part on other grounds by Cullen v. Auto-Owners Ins. Co.*, 189 P.3d 344 (Ariz. 2008)).

In *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 682 P.2d 388 (Ariz. 1984), the Arizona Supreme Court adopted the Restatement (Second) of Contracts § 211(3), which provides that "[w]here [a] party has reason to believe that the [other] party manifesting [] assent would not do so if he knew that the writing contained a particular term, the term is not part of the agreement." *Id*. at 396. Restatement (Second) § 211(3) Cmt.(f), adopted in *Darner*, further provides that customers "are not bound to unknown terms which are beyond the range of reasonable expectation. . . ." *Id*. at 396.

When a customer asks for full coverage and the agent is silent about an exclusion, that can be evidence that the policy does not comport with a customer's reasonable expectations. *See Do by Minker v. Farmers Ins. Co. of Ariz.*, 828 P.2d 1254, 1258 (Ariz. Ct. App. 1991). Further, *Gordinier v. Aetna Cas. & Sur. Co.*, 742 P.2d 277 (Ariz. 1987) provides a comprehensive synthesis of when "Arizona courts will not enforce even unambiguous boilerplate terms in standardized insurance contracts" because they might frustrate a party's reasonable expectations.

> 1. Where the contract terms, although not ambiguous to the court, cannot be understood by the reasonably intelligent consumer who might check on his or her rights, the court will interpret them in light of the objective, reasonable expectations of the average insured;
> 2. Where the insured did not receive full and adequate notice of the term in question, and the provision is either unusual or unexpected, or one that emasculates apparent coverage;
> 3. Where some activity which can be reasonably attributed to the insurer would create an objective impression of coverage in the mind of a reasonable insured;
> 4. Where some activity reasonably attributable to the insurer has induced a particular insured reasonably to believe that he has coverage, although such coverage is expressly and unambiguously denied by the policy.

*Gordinier*, 742 P.2d at 283-84 (Ariz. 1987) (internal citations omitted).

The text of the policy at issue here includes underinsured motorist insurance coverage for relatives of the named insured living in the same household. (Doc. 49-6 at 25.) Notwithstanding this presumed coverage, the definition of relative excludes from coverage relatives of the named insured who own a motor vehicle titled solely in the relative's name. (*Id*. at 7.) In her deposition, Ms. Melody testified that when Tyler Jacobson was first added to the policy at age 16, Ms. Jacobson asked that he have the same coverage as his parents. (Doc. 56 at 4.) Ms. Melody further testified that uninsured motorist coverage was consistent with Ms. Jacobson's desire. (*Id*. at 5). American Family does not dispute any of this. (*Id*. at 4-5.)

Despite knowing Ms. Jacobson's desire that Tyler Jacobson have full coverage, neither American Family nor its agents gave Ms. Jacobson a clear disclaimer that Tyler Jacobson's coverage would vanish if he bought a vehicle of his own. Ms. Melody's failure to warn Ms. Jacobson about the exclusion under these circumstances was an activity reasonably attributable to the insurer that created both an objective impression of coverage in the mind of a reasonable insured and more specifically, the silence induced Ms. Jacobson to believe that her son had underinsured motorist coverage.

Defendant relies heavily on *Beaver v. Am. Family Mut. Ins. Co*, 324 P.3d 870 (Ariz. Ct. App. 2014) for the proposition that courts have upheld the Policy's definition of relative. (Doc. 48 at 16.) This reference is inapposite since that case turned on the policy scope of the Arizona uninsured motorist statute, rather than the reasonable expectations doctrine. Defendant also notes that this Court held in *Abbass v. Am. Fam. Ins. Group*, 2013 WL 3805147 (D. Ariz. July 19, 2013), that the policy's definition of relative does not violate public policy. That is true as far as it goes. But the Court specifically declined to address the reasonable expectations doctrine in that case. *Abbass*, at *3. The Court does not find that those cases rescue Defendant from consequences of the agent's failure to apprise the Jacobsons of the consequences that would come about if Tyler Jacobson bought a vehicle of his own.

The Court reforms the contract to meet the reasonable expectations of Ms. Jacobson

1  and grants Plaintiffs' Cross-Motion for Summary Judgment on the breach of contract
2  claim, as to Ms. Jacobson only. The parties are directed to address, at oral argument, how
3  the court should proceed with respect to the breach of contract claim as asserted by William
4  and Tyler Jacobson under the reasonable expectations doctrine.

### C. Defendant's Motion for Summary Judgment on Bad Faith

A claim for bad faith arises when an insurer intentionally denies or fails to process or pay a claim without a reasonable basis. *Zilisch v. State Farm Mutual Auto. Ins. Co.*, 995 P.2d 276, 279 (Ariz. 2000) (*citing Noble v. Nat'l Am. Life Ins. Co.*, 624 P.2d 866, 868 (Ariz. 1981)). In other words, the insurance company must immediately conduct an adequate investigation into the claim, act reasonably in evaluating that claim, and promptly pay a legitimate claim. *Zilisch*, 995 P.2d at 280. A court is likely to find that an insurance company acted reasonably when a claim is fairly debatable. *Id*. at 279. The insurance company's belief in whether something is fairly debatable is a question of fact for the jury. *Id*. Even assuming fair debateability, which is necessary to find in an insurer's favor but is not always dispositive, the key question is "whether there is sufficient evidence from which reasonable jurors could conclude that in the investigation, evaluation and processing of the claim, the insurer acted unreasonably and either knew or was conscious of the fact that its conduct is unreasonable." *Id*. at 280.

Genuine issues exist on the bad faith claim. These issues include whether the insurer acted reasonably in its evaluation and processing of the claim, given Ms. Jacobson's statements to her insurance agent about wanting to be covered and the agent's failure to notify the Jacobsons of what circumstances would result in a change of coverage. The Court denies Defendant's Motion for Summary Judgment with respect to the Jacobsons' bad faith claim. This issue shall be tried to a jury.

## IV. CONCLUSION

**Accordingly,**

**IT IS ORDERED granting in part** Plaintiffs' Cross-Motion for Summary Judgment (Doc. 50) on breach of contract, with respect to Ms. Jacobson only.

**IT IS FURTHER ORDERED denying in part** Defendant's Motion for Summary Judgment (Doc. 48) on breach of contract, with respect to Ms. Jacobson, and on bad faith.

**IT IS FURTHER ORDERED** reserving the Court's decision on summary judgment on breach of contract, as to Tyler and William Jacobson, and negligence, until after the oral argument set for Thursday, February 6, 2020.

**IT IS FURTHER ORDERED** that at oral argument the parties shall be prepared to discuss the Motions for Summary Judgment on the Jacobsons' negligence claim, including:

1. Whether an expert opinion affidavit is required;

2. Whether Defendant's failure to raise the expert opinion affidavit requirement in its first responsive pleading and thereafter constitutes a waiver; and

3. The extent to which A.R.S. § 20-259.01 applies to this case, including the 2016 amendments to § 20-259.01 and the general effective date of those amendments.[2]

**IT IS FURTHER ORDERED** that, no later than February 3, 2020, Defendant American Family shall either provide the Court with the "form" signed by the Plaintiffs that manifests the basis of its contention that § 20-259.01 applies or direct the Court to its location in the record.

**IT IS FURTHER ORDERED** that the parties shall be prepared to discuss how the breach of contract claim may proceed with respect to William and Tyler Jacobson and whether the reasonable expectations doctrine applies to them.

**IT IS FINALLY ORDERED** that the time set for oral argument on Thursday, February 6, 2020, will also serve as a trial setting conference. The parties shall be prepared to discuss a proposed length of trial and potential trial dates.

Dated this 31st day of January, 2020.

Michael T. Liburdi
United States District Judge

---

[2] *See* Ariz. Const. art. 4, pt. 1, section 1(3).

- 8 -